Clerk of the Court
United States District Court
Northern District of Alabama

2017 DEC 20 A 11:01

Re: Walker v. United States
Case No. 7:16-CR-157-LSC-SGC

Dear Clerk,

My name is JaBoris Antonio Walker (34528-001) and I am a Federal inmate, I pray that you are doing well. Please find an enclosed copy of my first Direct Appeal and copies of my Plea Agreement, Sentencing Order, and order of Probation from my Alabama State cases. I wish to file my Direct Appeal with the Courts and If I have made any errors or omissions, please let me know and I will try to correct them. Please send me a copy of the first page after you have stamp filed it so that I may know exactly what date the motion was filed, if I'm able to file. Thank you for your assistance. I look foward to your prompt reply. GOD Bless.

P.S.
I might be leaving this prison in Feb 2018. And just in case this appeal don't go threw I got until March 2018 and I was also asking the Courts for A extension on my 2255 motion.

Sincerly,
JaBoris A Walker
JaBoris A. Walker
(Pro-Se)
34528-001

JaBoris Antonio Walker
FCI Talladega
PMB 1000
Talladega, AL 35160

Dec 14, 2017

2

Direct Appeal

2017 DEC 20 A 11:01

United States of America
    Appellee,

vs.

Case No. 7:16-CR-157-LSC-SGC

JaBoris Antonio Walker
    Appellant, (PRO-SE)

On Appeal from the United States District Court
For the Northern District of Alabama

Comes now the Appellant, JaBoris Antonio Walker, Pro-Se, the Appellant by and through himself and hereby and respectfully moves this Honorable Court to grant him his Direct Appeal to correct his Federal Sentence. As grounds for this request, Appellant submits a United States Supreme Court decision, Mathis v. United States, 136 S.Ct. 2243, 195 L.Ed 2d 604 (June 23, 2016) and also United States v. Hinkle, 832 F.3d 569 (5th Cir. 2017).

Statement Regarding Oral Argument

The Appellant respectfully requests oral argument in this cases to determine whether the Court's upward departure from the advisory sentencing guidelines was in error when considering the sentencing factors of 18 U.S.C § 3553 as compared to other similarity situated defendants. JaBoris Walker was indicted under Title 18 of the United States Code § 922(a)(1) for

being a felon in poss. of a firearm. This is a Direct Appeal from the district court's sentencing order and the Appellants belief that the sentence was unreasonable.

## Statement of the Issue

The district court erred and abused its discretion in departing upward and sentencing the defendant above the advisory sentencing guidelines range. It is clear that a district judge must give serious consideration to the extent of any departure from the guidelines and must explain his conclusion that an unusually lenient or an unusually harsh sentence is appropriate in a particular case with sufficient justifications. For even though the Guidelines are advisory rather than mandatory, they are, as the Supreme Court pointed out in RITA, the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions.

Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the 18 U.S.C. § 3553 (A) factors to determine whether they support the sentence requested by a party. In so doing, the district judge may not presume that the Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance. The Supreme Court finds it uncontroversial that a major departure should be supported by a more significant justification than a minor one.

After setting on the appropriate sentence, the district judge must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing. "Gall, supra."

## Statement of the Case

The Appellant, JaBoris Walker (Pro Se), was indicted under Title 18 of the United States Code § 922(g)(1) for being convicted felon in poss. of a firearm. On March 3, 2017 a sentencing hearing was conducted at which in time the Court heard arguments concerning the defendents objectives to the Presentence Investigation Report. Appellant, Walker, violated 18. U.S.C § 922(g)(1) by being a convicted felon in poss. of a firearm, specifically a Hi-Point 9mm pistol. Walker's final PSR reflected an advisory sentencing guideline range of 168 to 210 months based on an total offense level of 30 and a criminal history category of IV. The court, at the sentencing hearing, took testimony concerning Walker's state charges to ACAA him. It is the Appellant's position that the Court gave an unreasonable amount of weight to his state charges, specifically the Unlawful Distribution of Controlled Substance charges, in deciding to sentence Walker to the statutory term of imprisonment, 180 months. The Court in the mind of the Appellant, inappropriately considered Walker's state charges of Delivery as UDCS as Distribution, when it decided to take testimony, and after hearing that testimony concluded by a preponderance of the evidence that Walker committed the crime. Although Walker was arrested he was charged Unlawful Distribution of Control Substance, but when he went to court July 22, 2014 he pleaded guilty to UDCS in the form of Delivery a lesser charge. The U.S. Sentencing Commission specifically designed the sentencing guidelines to take into account a defendent's criminal history in the calculation of an appropriate sentencing range. The Sentencing Commission provided statistics for "Fiscal year 2013" on its website showing that the median length of imprisonment for firearms offenses was 46 months for defendants sentenced in the Northern District of Alabama.[1] The Commission also noted that no defendants received upward departures from the guideline range with Booker/18 U.S.C § 3553.[2]

Of the defendants sentenced in firearms cases in Eleventh Cir. for fiscal year 2013, only 0.2 percent of those defendants received and upward departure with Booker 18 U.S.C § 3553.³ The Commission noted that for fiscal year 2012, 18.9% of defendants charged under 922(g) were in category IV, and the average senstence length for offenders convicted of violating only section 922(g) but who were not senstenced under ACCA was 46 months. It is the Appellant's position that defendant's sentenced within the Northern District of Alabama for firearms related charges for fiscal year 2013 included defendant's charged under 18 U.S.C § 922(g)(1), and that of those charged with that offense some defendants were in category IV for their criminal history, just as the Appellant. The Court, in the case of the Appellant, did not consider defendants with similar records who have been found guilty of similar conduct in order to avoid unwarranted senstence disparities as required by 18 U.S.C § 3553(a)(6). The Court made no mention on the record or in the Statement of Reasons of taking in account or even considering similarly situated defendant's. The Court failed to consider all of the 18 U.S.C. § 3553(a) factors called for by "Gall". It was unreasonable and an abuse of the Court's discreation to senstence Walker to the 180 months senstence, without considering similarly situated defendant's. The Court also gave an unreasonable amount of weight to Walker State charges in concluding that he pleaded guilty to a lesser charge basing that position solely on a preponderance of the evidence standard.

Gall vs. United States, 552 U.S. 38 (2007)
United States v. Bolds, 511 F.3d 568, 578 (6th Cir. 2007)
United States vs. Phinazee, 515 F.3d 511, 514 (6th Cir. 2008)
Mathis v. United States, 136 S.Ct. 2243, 195 L.Ed 2d 604 (June 23, 2016)
United States v. Hinkle, 832 F.3d 569 (5th Cir. 2017)
United States v. Rico-Mejia, No. 16-50022, 2017 U.S. App Lexis 2455 (5th Cir 2017)

Source: U.S. Sentencing Commission, Statistical Packet Fiscal year 2013 Northern District of Alabama, Table 7[1]

Table 8[2]

Eleventh Circuit, Table 8[3]

U.S. Sentencing Commission Quick Facts, Felon in Poss. of a Firearm, Fy 2012

Welch v. U.S. 136 S. Ct 1257, 194 L.Ed 2d 387 (2016)

### Disscussion

Sentencing decisions are reviewed for reasonableness" under a deferential abuse-of-discreation standard." Gall v. United States, 552 U.S. 38, 41 (2007). The reasonables determination has both procedural and substantive components United States v. Boids, 511 F.3d 568, 578 (6th Cir. 2007).[4]"A sentence may be substantively unreasonable when the district court selects the senstence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553 A factors or gives an unreasonable amount of weight to any pertinent factor" U.S. v Phinazee, 515 F.3d 511, 514 (6th Cir 2008).

Under categorical approach, a court asses wheather a crime qualifies as a violent felony or a major drug offense in terms of how the law defines the offense and not the terms of how an individual offender might have committed it on a particular occasion. Increasing a defendant's senstence under the residual clause of 18 U.S.C. §§ 924(e)(2)(B) denies due process of law. On June 26, 2015 the Supreme Court held that the residual clause of the ACCA violates due process as it "denies fair notice to defendant's and invites arbitrary enforcement by judges. The residual clause did not survive the probation of vague criminal laws because the residual clause left grave uncertanity about how to estimate the risk posed by a crime and left uncertanity about how much risk it took for a crime to qualify as a violent felony or major drug offense

Also Mr. Walker had objections to his P.S.I., he had objections to Paragraphs 21, 31, 32, 33 and 34. and also 52, 59 and 60. Mr. Walker asserts that any sentence imposed under the Armed Career Criminal Act would violate the Eighth Amendment's prohibition against cruel and unusual punishment. U.S. Const. amend VIII. Should this Court overrule Mr. Walker's objection to Paragraphs 31, 32, 33 and 34, Mr. Walker maintains that any sentence imposed under the ACCA would be grossly disproportionate to the facts of the instant offense and the prior convictions detailed in Paragraphs 31, 32, 33 and 34. There was no intervening arrest between these stated offenses. The Act states that the predicate offenses must be "committed on occasions different from one another." 18 U.S.C. §924(e)(1). Interpreting this language, the Eleventh Circuit has held that "the successful" completion of one crime plus a subsequent conscious decision to commit another crime makes the second crime distinct from the first for the purposes of the ACCA." United States v. Pope, 132 F.3d 684, 692 (11th Cir 1998). Mr. Walker posits, however, that when a defendant is sentenced as an Armed Career Criminal based on prior convictions which occurred in close temporal proximity without intervening arrests, it constitutes cruel and unusual punishment. U.S. Const. amend. VIII. While the Eleventh Circuit has rejected Eighth Amendment challenges to the ACCA, the Court reasoned that recidivism is a sufficient basis upon which to impose a lengthy sentence under the ACCA. United States v. Lyons, 403 F.3d 1248, 1256-57 (11th Cir. 2005)(citing Ewing v. California, 538 U.S. 11, 30-31 (2003)). However, is defined as a tendency to relapse into a habit of criminal activity or behavior. Black's Law Dictionary 1276 (7th ed. 1999). Mr. Walker contends that in a case such as his, where the predicate offenses occurred close in time and without intervening arrests, the defendant does not have the opportunity to relapse into criminal activity. Therefore Mr. Walker maintains that his case, the ACCA violates the Eigth Amend. to the U.S. Const.

## Conclusion

WHEREFORE, based on the above, Appellant asserts that he no longer qualifies as an Armed Career Criminal or a Career Criminal and that he is due to resentenced minus the enhancements. As this case is difficult, he pleads the Court will appoint CJA counsel to assist him and the Court with these issues presented.

This document is dated and signed pursuant to 28 U.S.C § 1746 under penalty of perjury on this 14th day of December 2017.

Respectfully submitted,
JaBoris A. Walker
JaBoris A. Walker (Pro-Se)

## CERTIFICATE OF SERVICE

The undersigned pro se, Appellant hereby certify that a true and correct copy of the foregoing legal document has been served on the United States Clerk Office for the Northern District of Alabama and all other interested parties by United States Mail with adequate postage pre-paid and affixed on this 14th day of December, 2017 at:

Office of the Clerk
United States District Court
Northern District of Alabama
1729 5th Avenue North
Birmingham, AL 35203

United States Attorney Office
Northern District of Alabama
1801 4th Avenue North
Birmingham, AL 35203

JaBoris Walker
JaBoris A. Walker
(Pro-SE)

DISCOVERY




**STATE OF ALABAMA**
**BOARD OF PARDONS AND PAROLES**
220-D 14th Street
Tuscaloosa, AL 35401

## ALABAMA ICE LAW

Under Project Safe Neighborhoods U.S. prosecutors are ready to bring cases involving illegal gun use to federal court. This means that if anyone is caught with an illegal gun they probably won't be entitled to bail. Instead, they'll go straight to jail. And, if that's not bad enough, if they are convicted in federal court, they can spend up to 10 years in jail. There are no second chances under this program. Current law dictates a sentence of ten years imprisonment for possession of a gun in addition to five years for each bullet or projectile with or in the gun. Possession of an automatic weapon carries a minimum sentence of 30 years.

It shall be unlawful for a person to purchase, own, or possess body armor, if that person has been convicted of a felony.

A firearm is any gun, rifle or other weapon which will (or can be converted to) expel a projectile by an explosive or electrical charge or any explosive device.

No matter how long ago a convicted felon may have completed his sentence he/she does not have the privilege to hunt with, own or carry a firearm.

According to Alabama Law no convicted felon may ever be in possession of a pistol, regardless of how long ago his sentence was served.

However, even if relief is granted by a federal waiver, that does not affect the Alabama Law, which prohibits possession of a pistol forever. Convicted felons who obtain permission from the Federal Government to own a firearm are still prohibited from having a pistol in Alabama; only rifles or shotguns will be allowed.

REMEMBER that NO WEAPON whatsoever is allowed in the possession of any person who is still serving an active sentence on probation or parole.

I have read (or had explained to me) the firearms law and the restrictions outlined above.

Signed: _Arthur Walker_     Date: 12-30-14

Witness: _[signature]_

WALKER-000061

DISCOVERY

| State of Alabama<br>Unified Judicial System<br>Form CR-50   Rev. 6/2012 | **ORDER OF PROBATION** | Case Number<br>CC13-3436,3437,3438,3439 |
|---|---|---|

IN THE __Circuit__ _____ COURT OF __Tuscaloosa__ _____, ALABAMA
        *(Circuit, District, or Municipal)*            *(Name of County or Municipality)*

STATE OF ALABAMA v. __Jaboris A. Walker__ _____
                              **Defendant**

It appears to the court the above-named defendant [✓] has been convicted of [ ] has been adjudicated a Youthful Offender for the offense of __UDCS as Delivery (x4)__
and has been sentenced to __60 Months W/13 Month split in Co. Jail__

The defendant having applied for the benefits of probation and the court having examined the cause, it is ORDERED, ADJUDGED, and DECREED that the sentence is hereby suspended and that the defendant is placed on probation for a period of __5 Years__.

It is the order of the court that the probationer comply with the following conditions of probation:
1. Do not violate any Federal, State, or local law.
2. Avoid injurious or vicious habits.
3. Avoid persons or places of disreputable or harmful conduct or character.
4. Report to the Probation Officer as directed.
5. Permit the Probation Officer to visit defendant at home or elsewhere.
6. Work faithfully at suitable employment as much as possible.
7. Remain within a specified place, to-wit: __Alabama__
8. Support his/her dependents to the best of his/her ability.
9. Do not change residence or employment without the consent of the Probation Officer.
10. Submit to substance abuse tests when ordered to do so by the Probation Officer. These tests may include urinalysis, breathalyzer, and blood samples, but are not limited thereto. Probationer will pay costs of tests.
11. Submit to searches by the Probation Officer of his person, residence, vehicle, or any property under his/her control.
12. Pay to the Probation Officer $40.00 per month during the probation period, pursuant to law.
13. Do not possess, receive, or transport firearms.
14. If the defendant was convicted of any offense specified in Section 36-18-24, Ala.Code 1975, he or she must submit to DNA testing according to Section 36-18-25(c), Ala. Code 1975.
15. The defendant is ordered to pay fines, court costs, restitution, assessments, and other court-ordered monies at the rate of $_____ per month on or before the _____ day of each month, beginning _____. Payments of cash, money orders, or certified funds may be brought to the clerk's office. Money orders or certified funds may be mailed to the Clerk of Court: _____

Name _____
Address _____
City _____  State _____  Zip Code _____

At each report to the Probation Officer, the defendant shall furnish written proof (Clerk's receipt or money order receipt) of any previous month's payment of court-ordered monies.
16. Notify the Clerk of Court of any change of mailing address and appear in court whenever ordered.
17. Report to the Court Referral Officer immediately, and attend, pay for, and successfully complete the recommended program. The telephone number is _____
18. The defendant shall perform _____ hours of community service to be approved by the court.
19. Other conditions of probation ordered by the court are as follows:
    1. All costs and/or restitution will be a condition of probation.
    2. Full narcotics screening

It is the further order of the court that the defendant is hereby advised that the court may at any time revoke or modify any conditions of this probation or change the period of probation and may discharge defendant from probation or extend the period of probation. The probationer shall be subject to arrest for violation of any condition of the probation herein granted. The court may, at any time, for cause, order the original sentence executed.

07/22/2014                                              _____ Almond
Date                                                          Judge

**NOTICE**

If you have been convicted of a misdemeanor crime of domestic violence, which has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, against your current or former spouse; your child of whom you are a parent or guardian; a person with whom you share a child in common; a spouse, parent, or guardian with whom you are, or have been, cohabiting or to whom you are similarly situated, and you ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition, or if you receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce, YOU ARE SUBJECT TO BEING PROSECUTED IN FEDERAL COURT FOR VIOLATING 18 U.S.C. 922(g)(9).

A copy of this order has been delivered to the probationer, who has been instructed regarding this order.

__12-30-14__                       _____ Gradwell
Date                              Probation Officer

The above instructions and conditions have been explained to me. I have received a copy of this order, I understand the conditions, and I agree to abide by them.
__12-30-14__
Date
                                  __Jabory Walk__
Probationer's Address             Probationer's Signature

City     State     Zip Code     Probationer's Telephone Number          SCANNED

DOCUMENT 18

## PLEA AGREEMENT AND SENTENCING ORDER

State of Alabama v. Jakens Walker

Case Number: CC-13-3436/7/8/9

Prosecutor: Eddie Sledeck         Defense Attorney: Derek Simms

*(Print Legibly - One Plea Agreement for Each Case)*

Issues reserved for appeal: None

**Upon agreement of the parties, Defendant pleads guilty to:**

CC-13-3436 under Count(s) 1 for sentence of UDCS in the form of delivery
CC-13-3437 under Count(s) 1 for sentence of " "
CC-13-3438 under Count(s) 1 for sentence of " "
CC-13-3439 under Count(s) 1 for sentence of " "

☒ Pursuant to the Presumptive Sentencing Guidelines.
  ☐ AND the Court finds the following aggravating factors have been admitted by the Defendant:

  ☐ AND/OR  ☐ the Court finds the existence of  ☐ the State admits to the following mitigating factors:

☐ Pursuant to the Sentencing Guidelines (non-presumptive).
☐ As a non-guideline offense.
☐ As a Habitual Offender with at least _____ qualifying felonies.
☐ As a Youthful Offender - Youthful Offender Status GRANTED.
☒ ALL OTHER COUNTS ARE DISMISSED ON MOTION OF THE STATE

Defendant shall pay: $ 50 VCA in Count(s) 1-4  $ 0 Fine in Count(s) 1-4
$ 0 Drug Demand Assessment in Count(s) _____  $ 100 Forensic Trust Fund Fee in Count(s) 1-4
Restitution in the amount of $ 0 payable to _____ under Count _____
Court Costs, Attorney's Fees ☐ $350 Msd Appeal; ☐ $500 Class C; ☐ $750 Class B; ☐ $1000 Class A; and
Bail Bond Fee of $ _____ (Applies if Defendant bonded out on or after August 1, 2012).
☐ Defendant's driver's license may be suspended/revoked for a term determined by the Alabama Dept. of Public Safety.
☒ Sentence imposed in _____ to run concurrently with all other cases from this case
Probation: ☐ By Agreement PREPARE PROBATION ORDER; ☐ Waived; ☐ Waived to TCCC (PREPARE Order);
☒ Applies for probation (complete application only if no agreement). ☐ JAIL CREDIT OF: _____ 10 months

Date: 7/22/14

PROSECUTOR    DEFENSE ATTORNEY    DEFENDANT

**To Be Completed by Judge:**
The Defendant knowingly and voluntarily entered a plea of Guilty. After complying with all matters and procedures prescribed by Rule 14.4 (a) (b) and (c) of the A.R.Crim.P., the Court accepts Defendant's guilty plea and adjudges & pronounces the DEFENDANT GUILTY ☐ as a Habitual Offender ☐ as a Youthful Offender of the above listed offense(s) and, after affording Defendant an opportunity to make a statement in his/her own behalf, the Court PRONOUNCES SENTENCE AS LISTED ABOVE and Defendant is imprisoned in the ☐ penitentiary of the State of Alabama; ☐ Tuscaloosa County Jail; ☐ committed to the custody of the Alabama Department of Corrections.
☐ Defendant's application for probation is set for hearing the _____ Day of _____, 20___ at _____
  ☐ Defendant is placed on pretrial pending probation (See Separate Order)
☒ Defendant expressly, knowingly and voluntarily waives his/her right to apply for probation in this case.
  ☐ Defendant shall serve said sentence through Tuscaloosa County Community Corrections (see separate Order).

DONE AND ORDERED this the 22 day of July, 20 14

Brad Almond, Circuit Judge