Case 7:16-cr-00157-LSC-SGC   Document 63   Filed 01/18/19   Page 1 of 2
Case: 17-15727   Date Filed: 01/18/2019   Page: 1 of 2

FILED
2019 Jan-18 PM 03:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 17-15727-HH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JABORIS ANTONIO WALKER,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Alabama

Before: TJOFLAT, MARCUS, and BRANCH, Circuit Judges.

BY THE COURT:

The government's motion to dismiss this appeal as untimely, pursuant to *United States v. Lopez*, 562 F.3d 1309 (11th Cir. 2009), is GRANTED, and Jaboris Walker's motion to remand the action to the district court to reimpose his sentence is DENIED. The district court entered a final judgment against Walker on March 6, 2017, sentencing him to 180 months' imprisonment, and it entered an amended judgment for the same sentence on March 22, 2017. Jaboris Walker signed and dated his notice of appeal on December 14, 2017. Because Walker did not file a notice of appeal within 14 days of the district court's final judgment, it is untimely. *See* Fed. R. App. P. 4(b)(1)(A), (c)(1); *United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012).

Because the government has moved to dismiss the appeal as untimely, "we must apply the time limits of Rule 4(b)." *Lopez*, 562 F.3d at 1314. Contrary to Walker's argument, the government did not waive or forfeit the timeliness issue because it raised it in this Court before merits briefing concluded, and it was under no obligation to note the appeal's untimeliness when the district court dismissed Walker's motion to vacate pursuant to 28 U.S.C. § 2255 without prejudice based on the pendency of this appeal. *See id.* at 1313.

Further, there are no grounds to remand to the district court to vacate and reimpose the judgment because the record is not sufficiently developed for us to conclude on direct appeal that Walker warrants that relief pursuant to 28 U.S.C. § 2255. *See United States v. Patterson*, 595 F.3d 1325, 1328-29 (11th Cir. 2010) (stating that we generally decline to review claims of ineffective assistance of counsel on direct appeal); *see also Massaro v. United States*, 538 U.S. 500, 504-05 (2003) (stating that a § 2255 motion is the appropriate avenue through which to raise a claim alleging ineffective assistance of counsel because the district court has an opportunity in the first instance to develop the record and rule on the matter). To the extent Walker argues that the district court erred in not construing his two *pro se* letters to the district court as a § 2255 motion asserting that his trial counsel was ineffective for not filing a timely direct appeal, that argument is not properly before us because the present notice of appeal was filed before the district court ruled on the relief requested in those letters. *See Bogle v. Orange Cty. Bd. of Cty. Comm'rs*, 162 F.3d 653, 661 (11th Cir. 1998) (stating that a notice of appeal must designate an existent judgment or order, not one that is merely expected or within the appellant's contemplation when the notice of appeal is filed).

Accordingly, this appeal is hereby DISMISSED, and any outstanding motions are DENIED as moot.